**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**SEAN THORNTON,**

    **Plaintiff,**

v.                                          Case No.  8:11-cv-2765-T-30TGW

**CITY OF ST. PETERSBURG, FLORIDA,**
**et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant James Dean Large's Motion to Dismiss Plaintiff's Complaint (Dkt. # 5), Defendant City of St. Petersburg, Florida's Motion to Dismiss Plaintiff's Complaint (Dkt. # 15), and Plaintiff's Responses in Opposition (Dkts. #17 & 21).  Upon considering the motions, responses, and being otherwise advised in the premises, the Court concludes that the motions should be granted in part, and denied in part, as stated herein.

### Background

Plaintiff Thornton, an African-American, has been employed as a firefighter/EMT with Defendant City of St. Petersburg ("CSP") since November 16, 1998.  Plaintiff has sought a lieutenant position for some time, but has yet to successfully obtain the same. Plaintiff contends that he has not been promoted to lieutenant because of his race.

In determining who to promote to lieutenant, CSP relies on an examination process, consisting of oral and written sections, with the oral section comprising 70% of the total score. After taking the exam, all candidates are ranked, and the Fire Chief then picks a candidate from a select group of high-scoring candidates.

During the oral portion of the exam, the candidate is given a scenario and then has two to five minutes to explain how he would handle that scenario. The oral exam is scored using a pre-prepared checklist of key terms, steps, and items that the candidate should have discussed in his answer.

Thornton alleges that white candidates, and white candidates alone, were given these scoring checklists in advance of the test, in an alleged effort to ensure that the top-scoring candidates were white. Plaintiff states that he complained to Fire Chief Large and assistant Fire Chief Wimberly about this alleged cheating, and proceeded to provide them with a checklist given in advance to a white firefighter. Wimberly and Large issued a memo concerning the sharing of the tests, but purportedly failed to discipline the individuals responsible, and made no effort to ensure that the cheating did not persist.

Subsequently, white firefighters allegedly retaliated against Thornton by, among other things, tampering with his equipment, making prank phone calls to his personal telephone, and cursing at him. Plaintiff contends that he reported this harassment, but that no steps were taken to curtail it.

Plaintiff brought 42 U.S.C. § 1981 and § 1983 discrimination and retaliation claims, and a 42 U.S.C. § 1985 conspiracy claim against both Defendants. Defendants now move

to dismiss all claims, arguing that Plaintiff has failed to state a claim upon which relief can be granted.

## Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

While a "heightened fact pleading of specifics" is not required, "enough facts to state a claim to relief that is plausible on its face" is necessary. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Moreover, when the factual allegations are "not only compatible with, but indeed [are] more likely explained by" lawful activity, the complaint must be dismissed. *Iqbal,* 129 S.Ct. at 1951; *see also N.Am. Clearing, Inc. v. Brokerage Computer Sys., Inc.,* 2009 WL 1513389 (M.D. Fla. May 27, 2009) ("On a Rule 12(b)(6) motion to dismiss, when a court considers the range of possible interpretations of the defendant's alleged conduct, if

the 'more likely explanations' involve lawful, non-actionable behavior, the court should find that the plaintiff's claim is not plausible.").

**I.     Defendant James Dean Large's Amended Motion to Dismiss (Dkt. # 5)**

Defendant James Dean Large moves to dismiss Plaintiff's Complaint on five grounds: (1) Plaintiff's failure to exhaust administrative remedies; (2) Plaintiff's failure to properly allege retaliation; (3) Plaintiff's failure to properly plead a conspiracy; (4) Large's alleged qualified immunity; and (5) the running of the statute of limitations. In his Response, Plaintiff addresses each of these grounds; moreover, Plaintiff argues that this Court need not even consider Defendant's Motion to Dismiss, being allegedly made moot by Large's contemporaneous filing of his Answer.

**A.     Should this Court Consider Large's Motion To Dismiss?**

Under Fed. R. Civ. P. 12(b)(6), a motion to dismiss for failure to state a claim upon which relief can be granted must be made before pleading. If a Defendant files an Answer contemporaneously with a motion to dismiss, that motion is rendered moot. *See, e.g., Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.,* 2007 WL 201261, n. 4 (S.D. Fla. Jan. 24, 2007) ("The Court also notes that a defense of failure to state a claim must be made prior to filing an Answer to those claims. In this case, Third-Party [] Defendants both filed Answers to the Third-Party Complaint at the same time as they filed motions. Thus, the motion to dismiss for failure to state a claim can be denied solely on this ground.")

While this Court cannot properly consider Defendant Large's Motion to Dismiss, it construes that motion as a motion for judgment on the pleadings, and will consider the same

in the interests of judicial efficiency. *See, e.g., Brisk v. City of Miami Beach, Florida,* 709 F.Supp. 1146, 1147-48 (S.D. Fla. 1989). A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is treated in the same manner as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See, e.g., Johnson v. Rowley,* 569 F.3d 40, 43-44 (2d. Cir. 2009).

### B. Did Plaintiff Fail to Exhaust his Administrative Remedies?

Defendant Large argues that Plaintiff failed to exhaust his administrative remedies by failing to include in his 2007 EEOC charge any allegations or claims against Defendant Large personally. Moreover, Large contends that this suit is untimely, as it has not been brought within 90 days of Thornton's receipt of the EEOC's notice of rights.

While a Plaintiff must exhaust his administrative remedies in order to bring a Title VII claim, there is no such requirement with respect to claims filed pursuant to §§ 1981, 1983, and/or 1985. *Price v. M & H Valve Co.,* 177 F. App'x 1, 9 (11th Cir. 2006) (no requirement to exhaust administrative remedies before bringing § 1981 claim); *Patsy v. Bd. of Regents of State of Fla.,* 457 U.S. 496, 502 (1982) (no requirement to exhaust administrative remedies before bringing § 1983 claim); *Ransom v. City of Philadelphia,* 311 F.Supp. 973, 974 (E.D. Pa. 1970) (no requirement to exhaust administrative remedies before bringing § 1985 claim). As Plaintiff only brings claims under §§ 1981, 1983, and 1985, Large's contention that he must first exhaust his administrative remedies before bringing suit is meritless.

**C.     Has Plaintiff Adequately Pled a Retaliation Cause of Action against Defendant Large?**

"To establish a claim of retaliation under [] section 1981, a plaintiff must prove that he engaged in statutorily protected activity, he suffered a materially adverse action, and there was some causal relation between the two events." *Butler v. Alabama Dep't of Transp.,* 536 F.3d 1209, 1212-13 (11th Cir. 2008). A retaliatory act is materially adverse if it "might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 68-69 (2006) (quoting *Rochon v. Gonzales,* 438 F. 3d 1211, 1219 (D.C. Cir. 2006)).

Here, the Court concludes that Plaintiff has failed to adequately plead a retaliation cause of action, as Plaintiff has failed to plausibly plead that Defendant Large retaliated against Plaintiff for engaging in protected activity.

First, Plaintiff fails to make clear what actions he believes qualify as protected activity. While Plaintiff states that his fellow firefighters retaliated against him after he "turned over the copy of the exam," it is unclear whether this "exam" is supposed to refer to the checklist answer key allegedly handed out to white firefighters, or to something else.

Second, Plaintiff fails to adequately plead that the alleged retaliatory acts were causally related to Thornton's protected activity. While Thornton states that his fellow firefighters retaliated against him, it is unclear whether these firefighters were even aware of Plaintiff's alleged protected activity, let alone that they proceeded to retaliate against him *because of* the same.

Third, the Complaint fails to raise a plausible inference that Large was responsible for the conduct. While Plaintiff has pled that others retaliated against him by, among other things, tampering with his equipment, making prank phone calls to his personal telephone, and cursing at him, Plaintiff has failed to allege that Defendant was personally involved in this retaliation.

Moreover, Plaintiff has failed to plead facts plausibly showing that Large is otherwise responsible for the alleged retaliatory behavior of Plaintiff's fellow firefighters. While Thornton states that he reported the harassment, and that nothing was done about it, he fails to state *who* he reported the harassment to; thus, it is unclear what role, if any, Large had in this alleged retaliation.

For the above reasons, the Court concludes that Defendant Large's Motion to dismiss Count IV of the Complaint, a claim for retaliation against Defendant Large, should be dismissed.

**D.     Is Plaintiff's § 1985 Claim Barred by the Intracorporate Conspiracy Doctrine?**

Under the intracorporate conspiracy doctrine, a corporation's employees, acting as agents of the corporation, are deemed incapable of conspiring with the corporation. *Denney v. City of Albany*, 247 F.3d 1172, 1190 (11th Cir. 2001). The reasoning behind the intracorporate conspiracy doctrine is that it is not possible for a single legal entity consisting of the corporation and its agents to conspire with itself, just as it is not possible for an

individual person to conspire with himself. *See id.* (explaining that "the multiplicity of actors necessary for the formation of a conspiracy" is negated when the agents' acts are attributed to the corporation and the corporation and its agents are viewed as a single legal actor). Importantly, the intracorporate conspiracy doctrine "applies to public entities such as [a] [c]ity and its personnel." *Id.*

Here, the alleged conspiracy is between Defendant Large and Defendant CSP. As Large is the agent of CSP, their acts are those of a single legal actor. As a result, Large and CSP cannot enter into a conspiracy any more than an individual can conspire with himself. Accordingly, Count V of Plaintiff's Verified Complaint for conspiracy to violate Plaintiff's civil rights should be dismissed. Moreover, this count should be dismissed with prejudice as amendment would be futile.

### E. Is Defendant Large Entitled to Qualified Immunity?

"In order to receive qualified immunity, the public official 'must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred.'" *Lee v. Ferraro,* 284 F.3d 1188, 1194 (11th Cir. 2002) (citing *Courson v. McMillian,* 939 F.2d 1479, 1487 (11th Cir. 1991), quoting *Rich v. Dollar,* 841 F.2d 1558, 1563 (11th Cir. 1988)). If the official fails to prove he was acting within his discretionary authority, he is not entitled to qualified immunity. *Id.*

Here, Plaintiff has alleged that Large and CSP oversaw and sanctioned a deliberate effort to prevent the promotion of African-American firefighters through the coordinated rigging of promotional exams. If Plaintiff's allegations against Defendant Large are true,

Large could hardly claim to have acted purely within his discretionary authority, and the qualified immunity defense would not apply. In short, Large's conclusory assertion that "all actions and inactions attributed to this Defendant in the complaint were discretionary functions for which the Defendant has qualified immunity" is simply insufficient to show that Large is entitled to qualified immunity.

### F. Does the Statute of Limitations Bar Plaintiff's Action?

Defendant Large states that "[t]he statute of limitations has run on any alleged acts of the Defendants which took place prior to November 15, 2007, and any claims based thereon should be dismissed."

The statute of limitations starts to run on discrete acts of discrimination such as termination, denial of transfer, or *failure-to-promote*, at the time that act occurred. *Watson v. Alabama Farmers Cooperation, Inc.,* 323 F. Appx. 726, 728 (11th Cir. 2009). As a result, Plaintiff may not recover for discrete acts of discrimination that took place prior to mid-November, 2007. Importantly, if Plaintiff intends to bring failure to promote claims based upon Defendants' failure to promote him before this time period, such claims are time-barred.

### II. Defendant City of St. Petersburg's Motion to Dismiss (Dkt. #15)

Defendant CSP, pursuant to Fed. R. Civ. P. 12(b)(6), moves to dismiss Plaintiff's Complaint for failure to state a cause of action upon which relief can be granted. Defendant

CSP's motion raises seven grounds for dismissal:[1] (1) there is no *respondeat superior* liability under § 1983; (2) Plaintiff has failed to allege that CSP had an official policy or custom sanctioning discrimination; (3) Plaintiff has failed to adequately state a failure to promote claim; (4) Plaintiff has failed to state a *prima facie* case for retaliation; (5) Plaintiff's Conspiracy charge is barred by the doctrine of intracorporate immunity; (6) CSP is immune from liability; and (7) the statute of limitations bars Plaintiff from relying on alleged discriminatory acts that occurred prior to mid-November, 2007.

### A.    Does Plaintiff's Complaint Rely on *Respondeat Superior* Liability?

Defendant CSP states that Plaintiff appears to premise liability solely on the basis of *respondeat superior* liability.  As a result, it contends that Plaintiff's Complaint must be dismissed. *See, e.g.,Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691 (1978).

In its Response, Plaintiff clarifies that it does not intend to premise liability solely on a theory of *respondeat superior*.  Consequently, the Court need not address this issue.

### B.    Has Plaintiff Sufficiently Alleged that CPS had an Official Policy or Custom Sanctioning Discrimination?

Defendant CSP contends that Plaintiff's Complaint against it must be dismissed because CSP had no policy or custom sanctioning the alleged discrimination.

"[I]n order to recover against a municipality, a plaintiff must establish that the alleged racial discrimination or harassment occurred pursuant to a custom or policy of the

---

[1] Defendant CSP's memorandum of legal support does not neatly line up with its Motion to Dismiss, and it is unclear whether Defendant CSP wishes to raise additional grounds for dismissal in its memorandum. This court will address the seven grounds for dismissal explicitly raised in CSP's Motion.

municipality." *Busby v. City of Orlando,* 931 F.2d 764, 776 (11th Cir. 1991). "[R]ecovery from a municipality is limited to acts that are, properly speaking, acts 'of the municipality'–that is, acts which the municipality has officially sanctioned or ordered." *Brown v. City of Fort Lauderdale,* 923 F.2d 1474, 1479 (11th Cir. 1991) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986)). "A 'municipal act' is not, however, limited to decisions made by the city's official legislative body or in written agreements[: c]ity policy also may be implicated by the acts of individual policymaking officials or by pervasive city custom." *Id.* at 1480.  In addition, municipal liability based on custom can be established when there is "a widespread practice that, 'although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a 'custom or usage' with the force of law.'" *Id.* at 1481 (citing *City of St. Louis v. Praprotnik,* 485 U.S. 112, 127 (1988), quoting *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 167-68 (1970)).

Here, Plaintiff has failed to allege that there was an official city policy authorizing discrimination.  Plaintiff does allege, however, that there was long and widespread practice or custom of explicit discrimination against African Americans.  Among other things, Plaintiff alleges that the preferential treatment of whites was "common knowledge," that the practice of cheating was rampant, and that Large and CSP failed to investigate or address this alleged cheating after Plaintiff brought it to their attention.  Given the above, Plaintiff has alleged enough to support his contention that the discriminatory treatment of African Americans was a custom or policy sanctioned by CSP.  Whether there is anything to Plaintiff's allegations is more appropriately addressed at the summary judgment stage.

### C. Has Plaintiff Adequately Stated a Failure to Promote Claim?

In order to state a failure to promote claim, a plaintiff must show that: (1) he was a member of a protected class; (2) he applied for and was qualified for the promotion; (3) despite his qualifications, he was not promoted; and (4) a similarly situated employee, not a member of his protected class, received the promotion. *Denney v. City of Albany*, 247 F.3d 1172, 1183 (11th Cir. 2001).

Here, Plaintiff has successfully pled all four required elements. First, in alleging that he is African-American, Plaintiff has adequately alleged that he is a member of a protected class. Second, Plaintiff has pled that he applied for the promotion and was qualified for it. Third, Plaintiff contends that he was not promoted. Fourth, Plaintiff alleges that the exam was rigged to aid similarly situated white employees, some of whom were promoted. In short, Plaintiff has pled enough to survive a motion to dismiss.

### D. Has Plaintiff Stated a *Prima Facie* Case of Retaliation?

"To establish a claim of retaliation under [] section 1981, a plaintiff must prove that he engaged in statutorily protected activity, he suffered a materially adverse action, and there was some causal relation between the two events." *Butler v. Alabama Dep't of Transp.*, 536 F.3d 1209, 1212-13 (11th Cir. 2008). A retaliatory act is materially adverse if it "might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 68-69 (2006) (quoting *Rochon v. Gonzales,* 438 F. 3d 1211, 1219 (D.C. Cir. 2006)).

Here, the Court concludes that Plaintiff has failed to adequately plead a retaliation cause of action, as Plaintiff has failed to plausibly plead that Defendant CSP retaliated against Plaintiff for engaging in protected activity. First, Plaintiff fails to make clear what actions he thinks qualify as protected activity. While Plaintiff states that his fellow firefighters retaliated against him after he "turned over the copy of the exam," it is unclear whether this "exam" is supposed to refer to the alleged cheating checklist handed out to white firefighters, or to something else.

Second, Plaintiff fails to adequately plead that the retaliatory acts were causally related to his alleged protected activity. While Thornton states that his fellow firefighters retaliated against him, it is unclear whether these firefighters were even aware of Plaintiff's alleged protected activity, let alone that they proceeded to retaliate against him *because of* the same.

For the above reasons, the Court concludes that Defendant Large's Motion to dismiss Plaintiff's Retaliation Claim against Defendant CSP, Count III, should be dismissed.

### E. Is Plaintiff's Conspiracy Charge Barred by the Doctrine of Intracorporate Conspiracy?

As discussed above, Plaintiff's conspiracy charge against Defendant Large should be dismissed, with prejudice. For the same reasons, the conspiracy charge against Defendant CSP should also be dismissed, with prejudice.

**F.     Is CSP Immune from Liability?**

Defendant CSP states that it is immune from liability as Plaintiff has alleged that Defendant Large acted "willfully, maliciously and with thorough reckless disregard of Plaintiff's rights," and CSP's alleged liability appears to be premised on Large's acts. CSP has failed to make any substantive argument, and/or cite any authority supporting this theory. Left in the dark with respect to the contours of CSP's intended argument, this Court concludes that CSP's motion to dismiss on this ground should be denied.

**G.     Does the Statute of Limitations Bar Plaintiff from Relying on Alleged Discriminatory Acts that Occurred Prior to Mid-November, 2007?**

As discussed above, if Plaintiff intends to bring failure to promote claims based upon Defendants' failure to promote him before mid-November 2007, such claims are time-barred.

It is therefore **ORDERED AND ADJUDGED** that:

1.     Defendant James Dean Large's Motion to Dismiss Plaintiff's Complaint (Dkt. # 5), construed as a motion for judgment on the pleadings, is hereby denied in part, and granted in part, as stated herein.

2.     Defendant City of St. Petersburg, Florida's Motion to Dismiss Plaintiff's Complaint (Dkt. # 15) is hereby denied in part, and granted in part, as stated herein.

3.     Counts III and IV of Plaintiff Thornton's Complaint are hereby dismissed, without prejudice.

4.     Count V of Plaintiff Thornton's Complaint is hereby dismissed, with prejudice.

5. Plaintiff Thornton may replead his Complaint (with the exception of Count V) within twenty (20) days of the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on June 8, 2012.

                                                   JAMES S. MOODY, JR.
                                                   UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2011\11-cv-2765.mtd.frm