**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

SEAN THORNTON,

    Plaintiff,

v.                                               CASE NO.: 8:11-cv-2765-T-30TGW

CITY OF ST. PETERSBURG, FLORIDA
A Florida municipal corporation, and
JAMES DEAN LARGE, in his individual
Capacity as Chief of St. Petersburg Fire
& Rescue,

    Defendants.
_____/

# ORDER

THIS CAUSE comes before the Court upon Defendant James Dean Large's Motion to Dismiss, or in the Alternative, Dispositive Motion for Summary Judgment (Dkt. #30). Upon considering the motions, responses, and being otherwise advised in the premises, the Court concludes that the motion should be denied.

## BACKGROUND

Plaintiff Thornton, an African-American, has been employed as a firefighter/EMT with Defendant City of St. Petersburg ("CSP") since November 16, 1998. Plaintiff has sought a lieutenant position for some time, but has yet to successfully obtain the same. Plaintiff contends that he has not been promoted to lieutenant because of his race.

In determining whom to promote to lieutenant, CSP relies on an examination process, consisting of oral and written sections, with the oral section comprising 70% of the total score.

After taking the exam, all candidates are ranked, and the Fire Chief then picks a candidate from a select group of high-scoring candidates.

During the oral portion of the exam, the candidate is given a scenario then has two to five minutes to explain how he would handle that scenario. The oral exam is scored using a checklist of key terms, steps, and items that the candidate should have discussed in his answer.

Thornton alleges that white candidates, and white candidates alone, were given these scoring checklists in advance of the test, in an alleged effort to ensure that the top-scoring candidates were white. Plaintiff states that he complained to Fire Chief Large and assistant Fire Chief Wimberly about this alleged cheating, and proceeded to provide them with a checklist given in advance to a white firefighter. Wimberly and Large issued a memo concerning sharing of the tests, but purportedly failed to discipline the individuals responsible, and made no effort to ensure that the cheating did not persist.

Plaintiff brings 42 U.S.C. § 1981 and 1983 discrimination claims against both defendants.

**Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Standard**

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

While a "heightened fact pleading of specifics" is not required, "enough facts to state a claim to relief that is plausible on its face" is necessary. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Moreover, when the factual allegations are "not only compatible with, but indeed [are] more likely explained by" lawful activity, the complaint must be dismissed. *Iqbal*, 556 U.S. at 680; *see also N.Am. Clearing, Inc. v. Brokerage Computer Sys., Inc.,* 2009 WL 1513389 (M.D. Fla. May 27, 2009) ("On a Rule 12(b)(6) motion to dismiss, when a court considers the range of possible interpretations of the defendant's alleged conduct, if the 'more likely explanations' involve lawful, non-actionable behavior, the court should find that the plaintiff's claim is not plausible.").

## DISCUSSION

Defendant moves for a Motion to Dismiss or in the alternative, motion for summary judgment on the grounds that Defendant is entitled to qualified immunity, and that a cause of action for retaliation has not been sufficiently stated. Plaintiff has not raised a cause of action for retaliation in his amended complaint, therefore only the qualified immunity argument need be addressed.

Defendant's motion to dismiss is treated as a motion for judgment on the pleadings since Defendant filed his Motion to Dismiss contemporaneously with his Answer. When considering a motion for judgment on the pleadings, a court must accept all facts in the complaint as true and view them in the light most favorable to the nonmoving party. *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). This standard is equivalent to the standard for a motion to dismiss.

This court has already denied Defendant Large's qualified immunity claim at the pleading stage because, presuming Plaintiff's factual allegations are true, Defendant Large was

clearly acting outside the scope of his duties by engaging in discriminatory promotion procedures. "In order to receive qualified immunity, the public official 'must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (citing *Courson v. McMillian*, 939 F.2d 1479, 1487 (11th Cir. 1991), quoting *Rich v. Dollar*, 841 F.2d 1558, 1563 (11th Cir. 1988)). If the official fails to prove he was acting within his discretionary authority, he is not entitled to qualified immunity. *Id.*

Here, Plaintiff has alleged that Large and the City of St. Petersburg oversaw and sanctioned a deliberate effort to prevent the promotion of African-American firefighters through the coordinated rigging of promotional exams. If Plaintiff's allegations against Defendant Large are true, Large could hardly claim to have acted purely within his discretionary authority, and the qualified immunity defense would not apply.

In his motion to dismiss, Large offers his own sworn affidavit stating he was acting within his duties and an affidavit from Joseph Young, a personnel manager with the City of St. Petersburg, outlining assessment examination handling and creation procedures. These affidavits offer little support for the motions presented. In regard to the motion for judgment on the pleadings, Plaintiff's allegations are presumed true. *Hawthorne*, 140 F.3d at 1370. Defendant's affidavits only create an issue of fact, which is outside the scope of consideration at this stage of the litigation process.

It would be improper to grant Defendant's motion for Summary Judgment at this time as well. The party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion. *Jones v. City of Columbus, Ga.*, 120 F.3d 248, 253 (11th Cir. 1997).

It is therefore ORDERED AND ADJUDGED that Defendant James Dean Large's Motion to Dismiss, or in the Alternative Dispositive Motion for Summary Judgment (Dkt. 30) is DENIED.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

S:\Odd\2011\11-cv-2765 mtd 30.docx